UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

PHILIP TINSLEY III

    **Plaintiff,**

    v.

ING GROUP

    **Defendant.**

Case No. 1-05-CV-808 (UNA)

FILED
NOV 28 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**PROOF OF SERVICE**

I, Philip Tinsley III, pro se plaintiff, mailed an original "COMPLAINT" stamped by the Clerk; two (2) FORM[s] 1A.; two (2) FORM[s] 1B.; a pre-paid means to return one signed FORM 1B to me via the United States Postal System (international registered mail), to Michel Tilmant, CEO & Chairman Executive Board of the ING Group.

Copies of the aforementioned were mailed on the same date to the U.S. Attorney to complete service.

**Date:** November 25, 2005

_____
Philip Tinsley, III
Pro Se Plaintiff

148 Preston Circle
Fredericksburg, VA 22406
Tel. (540) 548-4675

Enclosures

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

PHILIP TINSLEY III
148 Preston Circle
Fredericksburg, VA 22406-5144

Tel. (540) 548-4675

**Plaintiff,**

v.

ING GROUP
ING Direct
1 South Orange Street
Wilmington, DE 19801

Tel. (800) 464-3473

**Defendant.**

Case No. 05- 808 _____

## COMPLAINT

**Introduction-**This is a civil action seeking monetary damages. This action materializes out of willful negligence by the defendant under 18 U.S.C.A. § 1961 (1) (A) & (B) and under 18 U.S.C.A. § 1341, Notes 57, 60 & 63.

1. This Court has jurisdiction pursuant to Article III Sections 1 & 2 of the United States Constitution and 28 U.S.C.A. §s 1331 & 1332. The amount of monetary damages requested is TWO MILLION DOLLARS ($2,000,000).

2. The pro se plaintiff is a voting eligible citizen of the United States of America and a resident of the Commonwealth of Virginia.

### Receipt for Registered Mail (PS Form 3806)

| Field | Value |
|---|---|
| Registered No. | RR302878783US |
| Reg. Fee | $7.50 |
| Handling Charge | $0.00 |
| Postage | $4.00 |
| Return Receipt | $1.75 |
| Restricted Delivery | $0.00 |
| Date Stamp | 0403 01 11/25/2005 |
| Customer Must Declare Full Value | $0.00 — Without Postal Insurance |

FROM: Philip Tinsley III, Mo Se Maun 6.19, 149 Pastor Circle, Fredericksburg, VA 22406-5744, USA

TO: Michel Tilmant, CEO + Ch Ex. B, Location FH 07.550, P.O. Box 810, 1000 AV Amsterdam, The Netherlands

### U.S. Postal Service Certified Mail Receipt

| Field | Value |
|---|---|
| Postage | $1.29 |
| Certified Fee | $2.30 |
| Return Receipt Fee | $1.75 |
| Restricted Delivery Fee | $0.00 |
| Total Postage & Fees | $5.34 |
| Postmark | 0403 01  11/25/2005 |

Sent To: U.S. Attorney
Street: 1201 N. Market Street
City, State, ZIP: Wilmington, DE 19801-1147

Label: 7005 0390 0005 2039 1248

---

```
           FALMOUTH POSTAL STORE
              FALMOUTH, Virginia
                  224066470
                5176530403-0095
11/25/2005       (800)275-8777      04:31:05 PM

                 —— Sales Receipt ——
Product          Sale      Unit         Final
Description      Qty       Price        Price

Netherlands - Air                       $4.00
Letter-post
   Return Receipt                       $1.75
   Registered                           $7.50
   Insured Value :              $0.00
   Article Value :              $0.00
   Label Serial #:   RR302878783US
                                      ========
               Issue PVI:              $13.25

WILMINGTON DE 19801                     $1.29
First-Class
   Return Receipt (Green Card)          $1.75
   Certified                            $2.30
   Label Serial #:   70050390000520391248
                                      ========
               Issue PVI:               $5.34

Total:                                 $18.59

Paid by:
Cash                                   $19.00
Change Due:                            -$0.41

Bill#: 1000500322499
Clerk: 01

 — All sales final on stamps and postage. —
     Refunds for guaranteed services only.
          Thank you for your business.
                 Customer Copy
```

**Form 1A. Notice of Lawsuit and Request for Waiver of Service of Summons**

TO: <u>Michel Tilmant</u>    [as <u>CEO and Chairman Executive Board</u> of <u>ING Group</u>]

    A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the <u>District of Delaware</u> and has been assigned docket number <u>1-05-CV-808</u>.

    This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within <u>60</u> days after the date designated below as the date on which this Notice and Request is sent. I enclosed a stamped and addressed envelope with international postage paid (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

    If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

    If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the reverse side (or at the foot) of the waiver form.

    I affirm that this request is being sent to you on behalf of the plaintiff, this <u>25</u> day of <u>November</u>, <u>2005</u>.

                                               _____
                                              *Signature of Plaintiff's Attorney or*
                                              *Unrepresented Plaintiff*

NOTES

    A-Name of individual defendant (or name of officer or agent of corporate defendant)
    B-Title, or other relationship of individual to corporate defendant
    C-Name of corporate defendant, if any
    D-District
    E-Docket number of action
    F-Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

(As added Apr. 22, 1993, eff. Dec. 1, 1993.)

**Form 1A. Notice of Lawsuit and Request for Waiver of Service of Summons**

TO: <u>Michel Tilmant</u>  [as <u>CEO and Chairman Executive Board</u> of <u>ING Group</u>]

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the <u>District of Delaware</u> and has been assigned docket number <u>1-05-CV-808</u>.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within <u>60</u> days after the date designated below as the date on which this Notice and Request is sent. I enclosed a stamped and addressed envelope with international postage paid (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the reverse side (or at the foot) of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this <u>25</u> day of <u>November</u>, <u>2005</u>.

_____
*Signature of Plaintiff's Attorney or Unrepresented Plaintiff*

NOTES

A-Name of individual defendant (or name of officer or agent of corporate defendant)
B-Title, or other relationship of individual to corporate defendant
C-Name of corporate defendant, if any
D-District
E-Docket number of action
F-Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

(As added Apr. 22, 1993, eff. Dec. 1, 1993.)

**Form 1B.  Waiver of Service of Summons**

TO: <u>Philip Tinsley III</u>

I acknowledge receipt of your request that I waive service of summons in the action of <u>Complaint v. Negligence</u>, which is case number <u>1-05-CV-808</u> in the United States District Court for the <u>District of Delaware</u>. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after <u>November 25, 2005</u>, or within 90 days after that date if the request was sent outside of the United States.

_____     _____
Date                                    Signature
                                          Printed/typed name: _____
                                                [as _____]
                                                [of _____]

### DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

(As added Apr. 22, 1993, eff. Dec. 1, 1993.)

**Form 1B. Waiver of Service of Summons**

TO: <u>Philip Tinsley III</u>
   I acknowledge receipt of your request that I waive service of summons in the action of <u>Complaint v. Negligence</u>, which is case number <u>1-05-CV-808</u> in the United States District Court for the <u>District of Delaware</u>. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.
   I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.
   I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.
   I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after <u>November 25, 2005</u>, or within 90 days after that date if the request was sent outside of the United States.

_____          _____
Date                    Signature
                        Printed/typed name: _____
                           [as _____]
                           [of _____]

### DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

   Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.
   It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has brought.
   A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

(As added Apr. 22, 1993, eff. Dec. 1, 1993.)



Philip Tinsley III, Pro Se Plaintiff
148 Preston Circle
Fredericksburg, VA 22406-5144
USA

Michel Tilmant, CEO & Ch. Exec. Board
Corporate Affairs-Location IH 07.550
P.O. Box 810
1000 AV Amsterdam
The Netherlands







U.S. POSTAGE
PAID
FALMOUTH, VA
22406
NOV 25, '05
AMOUNT
$4.65
00090427-01



CERTIFIED MAIL™

7005 0390 0005 2039 1262

Clerk, U.S. Dist. Ct. Dist. DE
J. Caleb Boggs Federal Building
844 N. King St.
Wilmington, DE 19801

RETURN RECEIPT REQUESTED

Philip Tinsley III, Pro Se Plaintiff
148 Preston Circle
Fredericksburg, VA 22406-5144