UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
DELAWARE

Civil Action, File No. 1-05-CV-808 KAJ

| | |
|---|---|
| PHILIP TINSLEY III | |
| Plaintiff, | |
| v. | MOTION TO CORRECT CLERICAL ERROR UNDER RULE 60 |
| ING GROUP | |
| Defendant. | |

Plaintiff, in pro se, moves this Court to correct the error made by the Clerk pursuant to Rule 60(a) & (b) of the *Federal Rules of Civil Procedure* (FRCP), and in support of his motion elects to file a MEMORANDUM OF LAW:

I. On the 31st day of January 2006, this pro se plaintiff attempted to file his "MOTION FOR JUDGMENT BY ENTRY OF DEFAULT" with the Clerk of the United States District Court for the District of Delaware against the ING Group/ING Direct. Pursuant thereto, the Clerk was sent the "MOTION ..." via USPS with instructions to file it under Rule 5(e) FRCP (see *ATTACHMENTS A & B*).

II. The USPS Express mailing containing the cover letter and "MOTION[s] ..." were received by and signed for by "R EBRHARD" (see *ATTACHMENT C*); however, the wrong/incorrect U.S. District Court stamp was placed on the filings/"MOTION[s] ..." (see *ATTACHMENT D*). A "FILED" stamp should have been employed/used (see Rule 5(e) FRCP).

-1-

FILED

FEB -6 2006

U.S. DISTRICT CO...
...CT OF DEL...

III. This is a clerical "... error ..." under Rule 60(a) FRCP (see *ATTACHMENT E*) and at this juncture in this civil procedure constitutes "excusable neglect" under Rule 60(b) FRCP. If it is not corrected in the next filing attempt and with this "MOTION ...", it will constitute obstruction of justice (18 U.S.C.A. § 1505).

**WHEREFORE** all of the previous items being considered, I, the pro se plaintiff, demand that the Clerk places the proper U.S. District Court stamp on the "MOTION FOR JUDGMENT BY ENTRY OF DEFAULT" and returns the stamped "MOTION FOR JUDGMENT BY ENTRY OF DEFAULT" to me by the means that I have provided for service upon the defendant.
\

Dated this 4th day of February, 2006

By _____
Philip Tinsley, III in Pro Se
148 Preston Circle
Fredericksburg, VA 22406
Tel. (540) 548-4675

cc: (certified, return receipt mail Article No. 7005 2570 0001 0442 7507)

U.S. Attorney
1201 N. Market St.
Wilmington, DC 19801-1147

```
                    FALMOUTH POSTAL STORE
                       FALMOUTH, Virginia
                           224066470
                        5176530403-0097
     01/31/2006        (800)275-8777        02:55:30 PM

                      ———— Sales Receipt ————
     Product          Sale      Unit             Final
     Description      Qty       Price            Price

     $13.65            1       $13.65           $13.65
     Express Mail
     60c Stamp         1        $0.60            $0.60
     10c American      1        $0.10            $0.10
     Clock PSA
     5c Amer           1        $0.05            $0.05
     Toleware PSA
     WILMINGTON DE 19801 EM                     $14.40
     PO-Add Flat Rate
     11.10 oz.
       Label #:           EQ336606775US
       Next Day 3PM    / Normal
       Delivery
                                              ========
                      Issue PVI:                $14.40
                                              ========
     Total:                                     $28.80

     Paid by:
     Cash                                       $30.00
     Change Due:                                -$1.20

     Domestic Express Mail provides a
     money-back guarantee! The original
     customer copy of the Express Mail label
     must be presented at the time of refund.
     Bill#: 1000302457907
     Clerk: 05

     — All sales final on stamps and postage. —
         Refunds for guaranteed services only.
              Thank you for your business.
                       Customer Copy
```

**FROM:** Philip Tinsley II, Pro Se Plaintiff
148 Preston Circle
Fredericksburg, VA 22406-5144

**TO:** Clerk, U.S. Dist. Ct. Dist. DE
844 N. King Street
Lockbox 18
Wilmington DE
19801-3570

**ATTACHMENT A**

148 Preston Circle
Fredericksburg, VA 22406
January 31, 2006

Clerk
U.S. District Court for the District of
 Delaware
J. Caleb Boggs Federal Bldg.
844 N. King Street
Lockbox 18
Wilmington, DE 19801-3570

RE: Filing, *Case No. 1-05-CV-808*

Sir:

Please file this "MOTION FOR JUDGMENT BY ENTRY OF DEFAULT" against the ING Group in accordance with Rule 5(e) of the *Federal Rules of Civil Procedure*.

I am exercising my civil and legal rights to file this complaint according to the Vth Amendment (due process of law) of the U.S. Const., 42 U.S.C.A. § 1981(a) & (c), and being a voting *eligible* U.S. citizen.

Enclosed in this U.S. Postal System Express Mailing (Tracking No. EQ 336606775 US) you will find:

1. Three (3) signed and exactly the same "MOTION[s] FOR JUDGMENT ..."; and

2. A paid means (U.S. Postal Express Mail, Tracking No. ED 526777983 US) of returning two (2) of aforementioned three (3) "MOTION[s] FOR JUDGMENT ..." dated and stamped (**originals**) to me.

Thank you.

Very truly yours,

Philip Tinsley, III
**Pro Se Plaintiff**

Enclosures

**ATTACHMENT B**



Date: 02/02/2006

Philip Tinsley III:

The following is in response to your 02/01/2006 request for delivery information on your Express Mail item number EQ33 6606 775U S. The delivery record shows that this item was delivered on 02/01/2006 at 11:13 AM in WILMINGTON, DE 19801 to R EBERHARD. The scanned image of the recipient information is provided below.

Signature of Recipient: *R.B. EBERHARD*

Address of Recipient: *844 King St. (19801)*

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,

United States Postal Service

**ATTACHMENT C**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
DELAWARE

Civil Action, File No. 1-05-CV-808



PHILIP TINSLEY III

    Plaintiff,

v.

ING GROUP

    Defendant.

MOTION FOR JUDGMENT
BY ENTRY OF DEFAULT

Plaintiff, in pro se, moves this Court for judgment in his favor pursuant to Rules 4, 6 (e), 7 (a) & 55 of the *Federal Rules of Civil Procedure* (FRCP), and in support of his motion elects to file a MEMORANDUM OF LAW:

    I. On the 22nd day of November 2005, this pro se plaintiff filed a "COMPLAINT" with the Clerk of the United States District Court for the District of Delaware against the ING Group/ING Direct. Pursuant thereto, CEO of the ING Group, Michel Tilmant, and the U.S. Attorney were served with the "COMPLAINT" (stamped by the Clerk of the U.S. District Court for the District of Delaware), proper notice and waiver of summons forms, and a paid means of returning the waiver on the 25th day of November 2005 (see *ATTACHMENTS A-D*).

    II. Service was executed by the United States Postal System (USPS) via certified, return receipt mail, on the 25th day of November 2005 and received by Michael Tilmant within seven (7) business days (see USPS Delivery Schedule) in Amsterdam, the Netherlands, and received by the U.S. Attorney on the 29th day of November (see *ATTACHMENTS A & E*).

-1-

ATTACHMENT D

| Rule 60 | FEDERAL RULES OF CIVIL PROCEDURE | 74 |

but that period may be extended for up to 20 days, either by the court for good cause or by the parties' written stipulation. The court may permit reply affidavits.

(d) ON COURT'S INITIATIVE; NOTICE; SPECIFYING GROUNDS. No later than 10 days after entry of judgment the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion. After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion. When granting a new trial on its own initiative or for a reason not stated in a motion, the court shall specify the grounds in its order.

(e) MOTION TO ALTER OR AMEND JUDGMENT. Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Feb. 28, 1966, eff. July 1, 1966; Apr. 27, 1995, eff. Dec. 1, 1995.)

**Rule 60. Relief From Judgment or Order**

(a) CLERICAL MISTAKES. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

(b) MISTAKES; INADVERTENCE; EXCUSABLE NEGLECT; NEWLY DISCOVERED EVIDENCE; FRAUD, ETC. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., §1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

**ATTACHMENT E**