IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHILIP TINSLEY, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-808-KAJ |
| | ) | |
| ING GROUP and ING DIRECT, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

Plaintiff Phillip Tinsley, III ("Tinsley"), who proceeds *pro se*, brings this action against ING Group, a financial institution located in The Netherlands, and its local banking division which is located in Wilmington, Delaware. (D.I. 1.) Tinsley moves for judgment by entry of default against ING Group pursuant to Fed. R. Civ. P. 55. (D.I. 5, 8.) For the reasons set forth below, I am denying the motion.

**II.   ANALYSIS**

It is within the Court's discretion to deny the default motion. See *Chamberlain v. Giampapa,* 210 F.3d 154, 164 (3d Cir. 2000). Tinsley's motion for judgment by entry of default fails for two reasons. First, the record does not support his position that service was effected upon the ING Group. And second, in seeking default judgment, Tinsley failed to follow the proper procedure.

**A.   Service of Process**

Tinsley states that the ING Group is a financial institution located in The Netherlands. As a result, Tinsley sought to serve Michael Tilmant ("Tilmant"), the CEO and Chairman of the Executive Board of ING Group whose address is in The Netherlands.

Service of process upon corporations and associations is governed by Rule 4 of the Federal Rules of Civil Procedure. Service upon a foreign corporation or partnership in a place not within any judicial district of the United States is to be effected by the manner set forth in section (f) of Rule 4. See Fed. R. Civ. P. 4(h)(2). Rule 4(f) states in part that "[u]nless otherwise provided by federal law, service ... may be effected in a place not within any judicial district of the United States: (1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1).

The Netherlands is a signatory to The Hague Convention. See Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, appended to Fed. R. Civ. P. 4. Article 10(a) of The Hague Convention permits service of process by mail on foreign corporations so long as the receiving country has not filed an objection to this method. Trump Taj Mahal Associates v. Hotel Services, Inc., 183 F.R.D. 173, 179 (D.N.J. 1998). The Netherlands "did not give any indication when it adopted the Hague Convention that it objected to service by mail", Cartwright v. Fokker Aircraft, U.S.A., Inc., 713 F.Supp. 389, 395 (N.D. Ga. 1988), and "[s]ervice of process by international registered mail is permitted under Dutch law in administrative, civil and criminal cases." The Netherlands Judicial Assistance, http://travel.state.gov/law/info/judicial.

Tinsley advises the Court that service was executed upon ING Group via certified mail, return receipt, on November 25, 2005, and received by Tilmant "within seven business days [see USPS Delivery Schedule] in Amsterdam, the Netherlands". (D.I. 5, p. 1.) In support of this statement, Tinsley provides a copy of the receipt for

registered mail he received upon mailing from the U.S. Postal Service, Registered No. RR302878783US, dated November 25, 2005, as well as the receipt showing he paid for the mailing. (D.I. 5, Ex. A.) Tinsley also provides receipts for items he mailed to the U.S. Attorney for the District of Delaware and to the Clerk's Office for the District of Delaware. (D.I. 5, Ex. A, F.) Tinsley *did not*, however, provide to the Court any documentation that the mailing to Tilmant was actually received by him. In contrast, Tinsley *did* provide to the Court "Track and Confirm" documents generated by the U.S. Postal Service showing receipt by the U.S. Attorney's Office and the Clerk's Office of Tinsley's mailings to those offices. (D.I. 5, Ex. E, G.)

Tinsley's reliance upon the U.S. Postal Service's delivery schedule, which provides for delivery within seven days, is insufficient to support his position that service was actually effected upon the ING Group. The exhibits submitted by Tinsley merely show that he mailed a notice of lawsuit and request for waiver of service of summons. Thus, even assuming that service on Tilmant were sufficient to constitute service on ING Group, the exhibits do not show that the documents were ever received by Tilmant in The Netherlands.[1]

Because there is no proof that service has been effected, it cannot be said that ING Group is in default. Hence, I will not grant Tinsley's motion.

### B.    Default Judgment

Even if Tinsley had effected service, he failed to follow the procedure for entry of

---

[1] That something more is required can be inferred from a review of Rule 4(f)(2)(C)(ii), which notes that, when effecting service internationally without the benefit of The Hague Convention, and using the mail to do so, one must use a form of mail "requiring a signed receipt[.]" Tinsley's effort, while perhaps intended to take advantage of The Hague Convention, pursuant to Rule 4(f)(1), should nevertheless have included some return receipt proof.

a default judgment. Initially, it is noted that entry of defaults and default judgments are discouraged in the Third Circuit. *See United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 194-95 (3d Cir.1984). Rule 55 is to be liberally construed so as to ensure that cases are decided on their merits. *Id.*

Prior to entry of a default judgment a plaintiff must first file a motion for an entry of default. Fed.R.Civ.P. 55(a). *See Meehan v. Snow,* 652 F.2d 274, 276 (2d Cir.1981) ("The procedural steps contemplated by the Federal Rules of Civil Procedure following a defendant's failure to plead or defend as required by the Rules begin with the entry of a default by the clerk upon a plaintiff's request."). Tinsley failed to obtain an entry of default prior to filing the current motion for judgment by entry of default. Accordingly, his pending motion for default judgment must be denied.

### III.   CONCLUSION

Based upon the foregoing analysis, IT IS HEREBY ORDERED that Phillip Tinsley, III's motion for judgment by entry of default (D.I. 5) is DENIED.

UNITED STATES DISTRICT JUDGE

March 3, 2006
Wilmington, Delaware