## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PHILIP TINSLEY, III,                          )
                                              )
      Plaintiff,                      )
                                              )
      v.                              )    Case No. 05-808-KAJ
                                              )
ING GROUP and                                 )
ING DIRECT,                                   )
                                              )
      Defendants.                     )

## MOTION TO DISMISS

     Defendants hereby move to dismiss the complaint in this matter for the reasons

set forth in the accompanying Opening Brief.

                        Respectfully submitted,

                        BUCHANAN INGERSOLL PC

                        _____
                        David E. Wilks (Del. I.D. # 2793)
                        The Nemours Building
                        1007 N. Orange Street, Suite 1110
                        Wilmington, Delaware 19801-1236
                        Telephone: (302) 428-5500
                        *Attorneys for ING DIRECT*

DATED:  March 16, 2006

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PHILIP TINSLEY, III,                )
                                    )
    Plaintiff,                  )
                                    )
    v.                          )    Case No. 05-808-KAJ
                                    )
ING GROUP and                       )
ING DIRECT,                         )
                                    )
    Defendants.                 )


## DEFENDANT ING DIRECT'S OPENING BRIEF
## IN SUPPORT OF ITS MOTION TO DISMISS


BUCHANAN INGERSOLL PC
David E. Wilks (Del. I.D. # 2793)
The Nemours Building
1007 N. Orange Street, Suite 1110
Wilmington, Delaware 19801-1236
Telephone: (302) 428-5500
*Attorneys for ING DIRECT*

DATED: March 16, 2006

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................... ii

NATURE AND STAGE OF THE PROCEEDING....................................................... 1

SUMMARY OF ARGUMENT ................................................................................... 2

STATEMENT OF FACTS ......................................................................................... 3

ARGUMENT .............................................................................................................. 5

    I.      THE STANDARD UNDER WHICH A RULE 12(b)(6) MOTION TO
            DISMISS IS CONSIDERED. .................................................................. 5

    II.     PLAINTIFF'S CLAIM AGAINST ING DIRECT UNDER 18 U.S.C. § 1341
            IS SUBJECT TO DISMISSAL, BECAUSE CONGRESS CREATED NO
            PRIVATE RIGHT OF ACTION UNDER THAT CRIMINAL STATUTE. .......... 6

    III.    PLAINTIFF'S CLAIM AGAINST ING DIRECT UNDER 18 U.S.C. § 1961
            IS SUBJECT TO DISMISSAL, BECAUSE THE COMPLAINT FAILS TO
            ALLEGE FACTS SUFFICIENT TO ESTABLISH A *PRIMA FACIE* CASE........ 7

          A.     The complaint fails to allege an actionable pattern of racketeering
                 activity.................................................................................................... 8

          B.     The complaint fails to allege the essential elements of the alleged
                 predicate acts........................................................................................ 9

                1.     Robbery................................................................................ 10

                2.     Mail fraud............................................................................ 10

    IV.    PLAINTIFF HAS FAILED TO OBTAIN LEAVE TO BRING THIS
            ACTION AND IT IS ACCORDINGLY SUBJECT TO DISMISSAL. ................ 12

CONCLUSION............................................................................................................ 13

## TABLE OF AUTHORITIES

**Cases**

*Bajorat v. Columbia-Breckenridge Development Corp.,*
   944 F.Supp. 1371 (N.D.Ill. 1996) ................................................................. 6

*Bell v. Hood,*
   327 U.S. 678 (1946).................................................................................... 5

*Bell, Tinsley & Tinsley v. Bank of America,*
   E.D.Va., C.A. No. 2:00CV880 .................................................................. 12

*Blair v. Wal-Mart Stores, Inc.,*
   2004 WL 2283560 (D. Del. 2004) ............................................................... 6

*Briscoe v. LaHue,*
   663 F.2d 713 (7th Cir. 1981), *aff'd*, 460 U.S. 325 (1983)............................. 5

*Carefirst of Maryland, Inc. v. Care First Transportation, Inc.,*
   2002 WL 31500927 (D. Del. 2002)............................................................. 6

*CIRO, Inc. v. Gold,*
   816 F.Supp. 253 (D. Del. 1993) .................................................................. 5

*Creech v. Federal Land Bank of Wichita,*
   647 F.Supp. 1097 (D.Colo. 1986) ............................................................... 6

*Delaware Health Care, Inc. v. MCD Holding Co.,*
   893 F.Supp. 1279 (D. Del. 1995)................................................................ 5

*H.J, Inc. v. Northwestern Bell Telephone Co.,*
   492 U.S. 229 (1989).................................................................................... 8

*Hindes v. Castle,*
   937 F.2d 868 (3d Cir. 1991)........................................................................ 8

*Hurst v. City of Rehoboth Beach,*
   2006 WL 416864 (D. Del. 2006) ................................................................ 5

*Kahn v. Kohlberg, Kravis, Roberts & Co.,*
   970 F.2d 1030 (2d Cir. 1992)...................................................................... 6

*Kehr Packages, Inc. v. Fidelcor, Inc.,*
   926 F.2d 1406 (3d Cir. 1991).......................................................... 8, 9, 11

*Kost v. Kozakiewicz,*
   1 F.3d 176 (3d Cir. 1993)........................................................................... 5

*La Porte Constr. Co. v. Bayshore Nat'l Bank,*
   805 F.2d 1254 (5th Cir. 1986 *cert. denied*, 459 US 1105 (1983) ............... 6

*Milburn v. Blackfrica Promotions, Inc.,*
   392 F. Supp. 434 (S.D.N.Y. 1974) ............................................................. 6

*Ryan v. Ohio Edison Co.,*
   611 F.2d 1170 (6th Cir. 1979) .................................................................... 6

*Shaw v. Neece,*
   727 F.2d 947 (10th Cir.), *cert. denied*, 466 U.S. 976 (1984)...................... 6

*Tabas v. Tabas,*
   47 F.3d 1280 (3d Cir. 1995), *cert. denied,* 515 U.S. 1118 (1995)............... 8

*Tinsley v. Fleetboston Financial Corp.,*
   E.D.Va., C.A. No. 00-2147 ....................................................................... 12

*Tinsley v. Fleetboston Financial Corp.*,
　　E.D.Va., Case No. 2:01cv215 .................................................................................... 12
*Tinsley v. Omaha State Bank*,
　　D.Neb., Case No. 8:05cv311 ...................................................................................... 12
*Tribble v. Reedy*,
　　888 F.2d 1387 (4th Cir. 1989) ...................................................................................... 6
*Wenzoski v. Citicorp.*,
　　480 F.Supp. 1056 (N.D.Calif. 1979).............................................................................. 6

## Statutes
11 <u>Del.C.</u> § 831 ....................................................................................................................... 10
18 U.S.C. § 1341 ............................................................................................................ 5, 6, 7, 10
18 U.S.C. § 1961(1) ..................................................................................................................... 7
18 U.S.C. §§ 1962 ....................................................................................................................... 7

iii

## NATURE AND STAGE OF THE PROCEEDING

Plaintiff filed his *pro se* complaint on November 22, 2005 against ING Group and ING DIRECT. A copy of the complaint is attached as Exhibit A. No summons was issued and service of process has not been effected upon either defendant. ING DIRECT nevertheless volunteered to waive service in order to expedite the adjudication of plaintiff's claims against it. A copy of that waiver is attached as Exhibit B. By the terms of the waiver of service, ING DIRECT is required to answer, move or otherwise plead in response to the complaint by March 19, 2006.

Plaintiff's complaint is in all material respects identical to those he has filed against several other financial institutions in a number of federal courts, each of which has been dismissed. Plaintiff seeks to invoke this Court's subject matter jurisdiction by characterizing this action as one involving a federal question. Specifically, plaintiff pleads that defendants are liable to him for $2,000,000.00 in money damages under the federal Racketeering Influenced and Corrupt Organizations ("RICO") statute and the federal statute criminalizing mail fraud. Plaintiff's theory for those claims is his allegation that he mailed a check in the amount of $500.00 to the general corporate offices of ING Group, a multinational financial services and insurance conglomerate in The Netherlands, in an effort to open an account with ING DIRECT, an online bank headquartered in Wilmington, Delaware. Plaintiff asserts that those facts support charges that defendants have committed robbery and mail fraud and are subject to RICO liability.

ING DIRECT has simultaneously with the filing of this brief moved to dismiss the complaint. This is the defendants' opening brief in support of that motion.

## SUMMARY OF ARGUMENT

Plaintiff has failed to state a cause of action upon which relief can be granted because: (1) the criminal mail fraud statute does not afford a private right of action; and (2) the complaint fails to allege the essential elements of a viable cause of action under the federal RICO statute. Moreover, plaintiff has been enjoined by the United States District Court for the Eastern District of Virginia from filing any action in any district court without leave of the court. Plaintiff did not seek or obtain such leave prior to filing the present suit. Accordingly, ING DIRECT respectfully submits that the complaint should be dismissed pursuant to FRCP 12(b)(6).

## STATEMENT OF FACTS[1]

Plaintiff seeks $2,000,000.00 in money damages as a result of ING Group's alleged negotiation of a $500.00 check and failure to confirm that an account was opened on plaintiff's behalf. Plaintiff claims that he first mailed a check for $500.00 to ING DIRECT with instructions that a one-year certificate of deposit be opened for him. Complaint at ¶ 5.a. Shortly thereafter, ING DIRECT returned plaintiff's check to him with instructions to provide additional information required for the opening of the certificate of deposit. *Id.* at ¶ 5.c.

Deeming ING DIRECT's request for additional information "unnecessary," plaintiff mailed his $500 check to the general corporate offices of ING Group in Amsterdam, The Netherlands -- without a designation of a specific office or individual -- with instructions to open for plaintiff a one-year certificate of deposit. *Id.* at ¶¶ 5.c-d. Plaintiff received no confirmation that ING Group had acted upon his request. *Id.* at ¶ 5.e. Plaintiff then directed a letter to Michel Tilmant, chairman and chief executive officer of ING Group in Amsterdam, The Netherlands with instructions to Mr. Tilmant to confirm that an account had been opened for plaintiff. *Id.* Plaintiff alleges that he eventually learned that the $500 check that he had sent overseas had been negotiated, though he has not received confirmation that a certificate of deposit has been opened for him. *Id.* at 5.f-g.

Plaintiff alleges that the facts set forth above support the conclusion that defendants have committed robbery and mail fraud and that they are liable to him under the federal RICO statute.

---

[1] As this motion is presented pursuant to FRCP 12(b)(6), the facts set forth here are those allegations found in plaintiff's complaint. By setting forth those allegations here, ING DIRECT does not admit the truth of any of the assertions set forth in the complaint.

Though the complaint's *ad damnum* clause seeks judgment against Omaha State Bank, ING

DIRECT assumes that plaintiff seeks judgment only against ING Group and ING DIRECT.

## ARGUMENT

Plaintiff's complaint, like similar ones he has filed in other federal courts, should be dismissed on the grounds that: (1) Congress did not create a private right of action for alleged violations of the criminal mail fraud statute, 18 U.S.C. § 1341; (2) the complaint fails to allege facts sufficient to support a civil RICO claim; and (3) plaintiff has been enjoined from filing actions in any district court without leave of the court. Accordingly, ING DIRECT respectfully requests that the Court enter an order dismissing plaintiff's complaint.

## I.  THE STANDARD UNDER WHICH A RULE 12(b)(6) MOTION TO DISMISS IS CONSIDERED.

Under FRCP 12(b)(6), a district court is permitted to dismiss claims that fail to state a legal basis upon which relief can be granted. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The purpose of a motion to dismiss under FRCP 12(b)(6) is not to decide the merits of the underlying complaint, but rather "to test the sufficiency of the complaint." *Delaware Health Care, Inc. v. MCD Holding Co.*, 893 F.Supp. 1279, 1284 (D. Del. 1995). Where a court concludes that the factual allegations in a plaintiff's complaint, even if true, do not state grounds for relief, then dismissal is warranted. *Bell v. Hood*, 327 U.S. 678 (1946).

On a FRCP 12(b)(6) motion, the court is required to accept well-pleaded facts as true; it is not required, however, to accept as true any sweeping legal conclusions, deductions or opinions alleged in or inferred from the allegations of the pleading that is the subject of the motion. *Hurst v. City of Rehoboth Beach*, 2006 WL 416864, *1 (D. Del. 2006); *Briscoe v. LaHue*, 663 F.2d 713 (7th Cir. 1981), *aff'd*, 460 U.S. 325 (1983); *CIRO, Inc. v. Gold*, 816 F.Supp. 253, 257 (D. Del. 1993) ("legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness."). Moreover, "[a] federal claim being reviewed under Rule 12(b)(6)

5

does not have to be wholly insubstantial to be dismissed." *Blair v. Wal-Mart Stores, Inc.*, 2004 WL 2283560, *3 (D. Del. 2004).

If the well-pleaded facts asserted in the complaint and reasonable inferences drawn therefrom are legally deficient to state a claim, a motion to dismiss should be granted. *Carefirst of Maryland, Inc. v. Care First Transportation, Inc.*, 2002 WL 31500927, *3 (D. Del. 2002). Dismissal is also appropriate where facts sufficient to support an affirmative defense appear on the face of the pleading. *Kahn v. Kohlberg, Kravis, Roberts & Co.*, 970 F.2d 1030, 1042 (2d Cir. 1992); *La Porte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1255 (5th Cir. 1986) (*citing Kaiser Aluminum v. Avondale Shipyards Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)), *cert. denied*, 459 US 1105 (1983).

## II.     PLAINTIFF'S CLAIM AGAINST ING DIRECT UNDER 18 U.S.C. § 1341 IS SUBJECT TO DISMISSAL, BECAUSE CONGRESS CREATED NO PRIVATE RIGHT OF ACTION UNDER THAT CRIMINAL STATUTE.

"Unless there is a clear Congressional intent to provide a civil remedy, a plaintiff cannot recover civil damages for an alleged violation of a criminal statute." *Tribble v. Reedy,* 888 F.2d 1387, 1989 WL 126783 (4th Cir. 1989); *Shaw v. Neece*, 727 F.2d 947 (10th Cir.), *cert. denied*, 466 U.S. 976 (1984).  That rule has consistently been applied to civil actions brought pursuant to 18 U.S.C. § 1341. *Ryan v. Ohio Edison Co.*, 611 F.2d 1170 (6th Cir. 1979); *Creech v. Federal Land Bank of Wichita*, 647 F.Supp. 1097 (D.Colo. 1986); *Bajorat v. Columbia-Breckenridge Development Corp.*, 944 F.Supp. 1371 (N.D.Ill. 1996); *Wenzoski v. Citicorp.*, 480 F.Supp. 1056 (N.D.Calif. 1979); and *Milburn v. Blackfrica Promotions, Inc.,* 392 F. Supp. 434, 435 (S.D.N.Y. 1974).

6

In the present matter, plaintiff seeks to recover money damages for an alleged violation of the criminal mail fraud statute. Under no set of facts may plaintiff be entitled to a civil recovery under that statute. Moreover, and as discussed in Section III, B, *infra,* even if such a right of action were available to plaintiff, the complaint is devoid of factual allegations sufficient to establish a violation of § 1341. Rather, the complaint alleges only that: (1) the chief executive officer of ING Group in the Netherlands failed to respond to letters plaintiff directed to him and his large organization; and (2) plaintiff's cashier's check was negotiated in Amsterdam. In addition, the complaint draws no connection at all between those facts and ING DIRECT. Rather, the only use to which ING DIRECT is alleged to have put the Postal Service was to return plaintiff's money to him and to request information necessary to open the account he claims to have desired.

Accordingly, plaintiff cannot sustain a cause of action under 18 U.S.C. § 1341. ING DIRECT therefore respectfully requests that the Court enter an order dismissing that portion of plaintiff's complaint.

### III.    PLAINTIFF'S CLAIM AGAINST ING DIRECT UNDER 18 U.S.C. § 1961 IS SUBJECT TO DISMISSAL, BECAUSE THE COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO ESTABLISH A *PRIMA FACIE* CASE.

Plaintiff's complaint asserts a civil claim under the federal RICO statute in a rather awkward fashion. The complaint is not brought pursuant to the provisions enabling a private right of action, 18 U.S.C. §§ 1962 and 1964(c), but rather relies solely upon the definitions set forth at 18 U.S.C. § 1961(1) (A) and (B). In any event, it appears at bottom that plaintiff premises his RICO claim upon theories that the defendants have committed robbery and mail fraud. The complaint, however, fails to establish a pattern of racketeering activity. In addition,

7

the complaint contains inadequate factual support for plaintiff's theory that defendants have committed either robbery or mail fraud.

## A.   <u>The complaint fails to allege an actionable pattern of racketeering activity.</u>

Stated most simply, in order to establish RICO liability, a plaintiff must demonstrate a pattern of racketeering activity consisting of related predicate acts which amount to or pose a threat of continued criminal activity. *H.J, Inc. v. Northwestern Bell Telephone Co.,* 492 U.S. 229 (1989).   In order to be "related," the predicate acts must "have the same or similar purposes, results, participants, victims or methods of commission or otherwise [be] interrelated by distinguishing characteristics and are not isolated events." *Id.* at 240.

"Continuity" is described as "both a closed- and open-ended concept, referring either to a closed period of repeated conduct or to past conduct that by its nature projects into the future with a threat of repetition….It is, in either case, centrally a temporal concept." *Id.* at 241-242. Under substantial Third Circuit jurisprudence, closed-ended continuity may only be satisfied by a demonstration that the predicate acts, *i.e.* the racketeering activity, lasted more than twelve months. *See Tabas v. Tabas,* 47 F.3d 1280, 1294 (3d Cir. 1995), *cert. denied,* 515 U.S. 1118 (1995) and cases collected there.   In order to establish open-ended continuity, a plaintiff must demonstrate some likelihood of future misconduct.  "A short-term scheme threatening no future criminal activity will not suffice….[T]he length of time over which the criminal activity occurs or threatens to occur is an important factor." *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1412 (3d Cir. 1991). *See also, Hindes v. Castle,* 937 F.2d 868 (3d Cir. 1991).

Plaintiff here alleges simply that he, for reasons that are unclear, mailed a $500.00 check to the general corporate offices of ING Group -- a fully diversified insurance and financial services conglomerate with global operations -- in Amsterdam in hopes of opening an account

8

with ING DIRECT. The only act that plaintiff alleges defendants to have performed is the negotiation of that check without informing him that an account had been opened for him. Absent from plaintiff's complaint are: (1) allegations of a second and related predicate act; (2) any suggestion that defendants committed any act directed to plaintiff; (3) identification of any other "victims" of the alleged racketeering activity; (4) any indicia of either closed- or open-ended continuity in any racketeering activity; (5) any allegation that the predicate acts lasted for more than twelve months; and (6) any suggestion that defendants' conduct poses the threat of future criminal activity. Instead, plaintiff merely alleges a single instance of the negotiation of a single check.

As the Third Circuit concluded in *Kehr Packages*, "[A]lthough a single fraudulent scheme can give rise to RICO liability, when that scheme is short-lived and directed at a limited number of people, this court has required some further indication that the defendant's fraudulent activities are likely to continue." *Kehr Packages*, 926 F.2d 1413. The complaint in this matter fails to establish or even suggest that a pattern of fraudulent activity has ever occurred or is likely to occur in the future. Therefore, the essential elements of a civil RICO claim are absent from plaintiff's assertions and ING DIRECT respectfully submits that this matter should be dismissed.

**B.    The complaint fails to allege the essential elements of the alleged predicate acts.**

Among the predicate acts upon which a RICO claim may be brought are robbery and mail fraud. Plaintiff here has selected those two crimes upon which to build his RICO claim. To prevail, he must therefore plead facts sufficient to establish the *prima facie* elements of robbery and mail fraud. ING DIRECT respectfully submits that plaintiff has failed to do so.

9

### 1.    Robbery.

In order to establish that ING DIRECT committed robbery in the second degree under Delaware law, plaintiff must establish that, when in the course of committing theft, ING DIRECT used or threatened the immediate use of force upon another person with intent to facilitate the taking of property. 11 Del.C. § 831.[2] The complaint is devoid of any allegations that ING DIRECT committed or attempted to commit theft or used or threatened to use force against plaintiff. Indeed, the complaint acknowledges that ING DIRECT promptly returned plaintiff's check to him after he failed to take the steps necessary to open an account. Instead of simply providing ING DIRECT with the information necessary to open an account, plaintiff made the extraordinary decision to send a check to the general business address of a global insurance and financial services conglomerate in The Netherlands. No element of robbery is discernible in the facts set forth in the complaint. Therefore, the complaint fails to establish the elements of the predicate act of robbery and plaintiff's RICO claim against ING DIRECT should be dismissed.

### 2.    Mail fraud.

In order to establish that ING DIRECT violated 18 U.S.C. § 1341, plaintiff must in essence establish that ING DIRECT devised a scheme to defraud or improperly obtain money by

---

[2] 11 Del.C. § 831 states in its entirety:
    (a)  A person is guilty of robbery in the second degree when, in the course of committing theft, the person uses or threatens the immediate use of force upon another person with intent to:
    (1)  Prevent or overcome resistance to the taking of the property or to the retention thereof immediately after the taking; or
    (2)  Compel the owner of the property or another person to deliver up the property or to engage in other conduct which aids in the commission of the theft.
    Robbery in the second degree is a class E felony.
    (b)  In addition to its ordinary meaning, the phrase "in the course of committing theft" includes any act which occurs in an attempt to commit theft or in immediate flight after the attempt or commission of the theft.

means of false or fraudulent pretenses and affirmatively utilized the mails in furtherance of that scheme.[3]  "The actual violation is the mailing, although the mailing must relate to the underlying fraudulent scheme." *Kehr Packages,* 926 F.2d at 1413.  Plaintiff's complaint is devoid of any allegation that ING DIRECT used the mail in any manner whatsoever, except to return plaintiff's money to him.  Rather, the complaint mentions only that the plaintiff himself directed mail to ING Group in Amsterdam, The Netherlands and that he received no response.  No allegation concerning either defendant's improper use of the mail is made in the complaint.  Furthermore, the complaint fails to support any claim that the defendants had devised a scheme or took any measures to defraud plaintiff or anyone else.  Therefore, the complaint fails to establish the elements of the predicate act of mail fraud and plaintiff's RICO claim should therefore be dismissed.

---

[3] 18 U.S.C. §1341 states in its entirety:

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

## IV.     PLAINTIFF HAS FAILED TO OBTAIN LEAVE TO BRING THIS ACTION AND IT IS ACCORDINGLY SUBJECT TO DISMISSAL.

Plaintiff has filed complaints similar to the one in this matter several times in several jurisdictions.[4] In *Tinsley v. Fleetboston Financial Corp* the United States District Court for the Eastern District of Virginia found that plaintiff's claims are consistently "outlandish and unmeritorious" and that his manner is "harsh and abusive" to the Court, the litigants and their attorneys. In an effort to "protect the courts, this Defendant, and any past and potential defendants from the harassment of frivolous and vexatious litigation initiated by Plaintiff," the Court imposed an injunction upon plaintiff. A copy of the Court's opinion and order is attached as Exhibit C. That injunction states, "Plaintiff, or anyone acting on his behalf, is enjoined from filing any new action or proceeding in any federal court without first obtaining the leave of that court." *See* Exhibit C at 16.

ING DIRECT is unaware of any order entered by this Court granting leave to plaintiff to file this action. The complaint in this case does not allege that plaintiff sought such leave. Therefore, ING DIRECT respectfully submits that plaintiff has violated the plain terms of the injunction issued by the Eastern District of Virginia by filing this action. ING DIRECT therefore respectfully submits that the complaint should be dismissed.

---

[4] ING DIRECT is aware of the following actions in which plaintiff has brought claims virtually identical to those at issue here: *Tinsley v. Omaha State Bank*, D.Neb., Case No. 8:05cv311; *Bell, Tinsley & Tinsley v. Bank of America*, E.D.Va., C.A. No. 2:00CV880; *Tinsley v. Fleetboston Financial Corp.*, E.D.Va., Case No. 2:01cv215 and *Tinsley v. Fleetboston Financial Corp.*, E.D.Va., C.A. No. 00-2147. Each of those matters has been dismissed. In addition, ING DIRECT is aware that plaintiff has brought at least ten other actions in the federal court system in recent years. None of those claims has proceeded to a full adjudication on the merits.

## CONCLUSION

The complaint in this matter fails to state a claim upon which relief may be granted because: (1) the criminal mail fraud statute does not afford a private right of action; and (2) plaintiff has failed to allege facts sufficient to establish a viable cause of action under the RICO statute in that it does not demonstrate a pattern of racketeering activity and because it does not allege the essential elements of predicate criminal acts. In addition, by the filing of the complaint in this matter without first seeking leave of the court, plaintiff has violated the injunction issued by the United States District for the Eastern District of Virginia. Accordingly, ING DIRECT respectfully requests that the Court enter an order dismissing this action with prejudice.

Respectfully submitted,

**BUCHANAN INGERSOLL PC**

David E. Wilks (No. 2793)
The Nemours Building
1007 N. Orange Street, Suite 1110
Wilmington, Delaware 19801
(302) 428-5500
(302) 428-3996 (facsimile)

13

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 16, 2006, a copy of Defendant ING

Direct's Opening Brief in Support of Its Motion to Dismiss was served by U.S. First Class Mail

on the following:

> Philip Tinsley III
> 148 Preston Circle
> Fredericksburg, VA 22406

_____
David E. Wilks (No. 2793)

#757212-v1