## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PHILIP TINSLEY, III,                     )
                                         )
    Plaintiff,                       )
                                         )
    v.                               )    Case No. 05-808-KAJ
                                         )
ING GROUP and                            )
ING DIRECT,                              )
                                         )
    Defendants.                      )

## DEFENDANT ING GROEP, N.V.'S OPENING BRIEF
## IN SUPPORT OF ITS MOTION TO DISMISS

BUCHANAN INGERSOLL PC
David E. Wilks (Del. I.D. # 2793)
The Nemours Building
1007 N. Orange Street, Suite 1110
Wilmington, Delaware 19801-1236
Telephone: (302) 428-5500
*Attorneys for ING Groep, N.V.*

DATED: April 14, 2006

# TABLE OF CONTENTS

TABLE OF CONTENTS.............................................................................................................*i*

TABLE OF AUTHORITIES ................................................................................................*iii*

NATURE AND STAGE OF THE PROCEEDING.........................................................1

SUMMARY OF ARGUMENT ..........................................................................................2

STATEMENT OF FACTS ...................................................................................................4

ARGUMENT ...........................................................................................................................6

    I.     THIS COURT LACKS JURISDICTION OVER ING GROEP, N.V.........................6

    II.    PROCESS IN THIS MATTER IS INSUFFICIENT....................................................9

    III.   PLAINTIFF HAS FAILED TO EFFECT SUFFICIENT SERVICE OF
          PROCESS ON ING GROEP, N.V. ..............................................................................10

    IV.   PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST
          ING GROEP, N.V. UPON WHICH RELIEF CAN BE GRANTED ........................11

        A.    The standard under which a Rule 12(b)(6) motion to dismiss
              is considered.............................................................................................................11

        B.    Plaintiff's claim against ING Groep, N.V. under 18 U.S.C.§ 1341 is
              subject to dismissal, because Congress created no private right of action
              under that criminal statute.................................................................................12

        C.    Plaintiff's claim against ING Groep, N.V. under 18 U.S.C. § 1961 is
              subject to dismissal, because the complaint fails to allege facts sufficient
              to establish a *prima facie* case. .......................................................................13

             1.    The complaint fails to allege an actionable pattern of racketeering
                    activity.....................................................................................................13

             2.    The complaint fails to allege the essential elements of the alleged
                    predicate acts..........................................................................................15

                  (1).   Robbery ......................................................................................15

                  (2).   Mail fraud....................................................................................16

V.    PLAINTIFF HAS FAILED TO OBTAIN LEAVE TO BRING THIS
      ACTION AND IT IS ACCORDINGLY SUBJECT TO DISMISSAL ......................17

CONCLUSION ..................................................................................................................................18

## TABLE OF AUTHORITIES

**Cases**

*Arnold v. Society for Savings Bancorp, Inc.*,
  1993 WL 526781 (Del. Ch. Dec. 17, 1993) .................................................................... 7

*Bajorat v. Columbia-Breckenridge Development Corp.*,
  944 F.Supp. 1371 (N.D.Ill. 1996) ........................................................................... 12

*Bell v. Hood*,
  327 U.S. 678 (1946) ............................................................................................... 11

*Bell, Tinsley & Tinsley v. Bank of America*,
  E.D.Va., C.A. No. 2:00CV880 ................................................................................ 17

*Blair v. Wal-Mart Stores, Inc.*,
  2004 WL 2283560 (D. Del. 2004) .......................................................................... 11

*Briscoe v. LaHue*,
  663 F.2d 713 (7th Cir. 1981), *aff'd*, 460 U.S. 325 (1983) .......................................... 11

*Carefirst of Maryland, Inc. v. Care First Transportation, Inc.*,
  2002 WL 31500927 (D. Del. 2002) ........................................................................ 11

*CIRO, Inc. v. Gold*,
  816 F.Supp. 253 (D. Del. 1993) ............................................................................. 11

*Creech v. Federal Land Bank of Wichita*,
  647 F.Supp. 1097 (D.Colo. 1986) ........................................................................... 12

*Delaware Health Care, Inc. v. MCD Holding Co.*,
  893 F.Supp. 1279 (D. Del. 1995) ........................................................................... 11

*Dimensional Communications, Inc. v. Oz Optics Limited*,
  218 F.Supp. 2d 653 (D.N.J. 2002) ......................................................................... 10

*H.J, Inc. v. Northwestern Bell Telephone Co.*,
  492 U.S. 229 (1989) .............................................................................................. 13

*Henkel Corporation v. Degremont, S.A.*,
  136 F.R.D. 88 (E.D.Pa. 1991) ............................................................................... 10

*Hindes v. Castle*,
  937 F.2d 868 (3d Cir. 1991) ................................................................................... 14

*Hurst v. City of Rehoboth Beach*,
  2006 WL 416864 (D. Del. 2006) ........................................................................... 11

*International Shoe Co. v. Washington*,
  326 U.S. 310 (1945) ............................................................................................. 6, 7

*Istituto Bancario Italiano SpA v. Hunter Eng'g Co., Inc.*,
  449 A.2d  210 (Del. 1982) .................................................................................... 6, 7

*Kahn v. Kohlberg, Kravis, Roberts & Co.*,
  970 F.2d 1030 (2d Cir. 1992) ................................................................................. 11

*Kehr Packages, Inc. v. Fidelcor, Inc.*,
  926 F.2d 1406 (3d Cir. 1991) ....................................................................... 14, 15, 16

*Kost v. Kozakiewicz*,
  1 F.3d 176 (3d Cir. 1993) ...................................................................................... 11

*La Porte Constr. Co. v. Bayshore Nat'l Bank*,
  805 F.2d 1254 (5th Cir. 1986 *cert. denied*, 459 US 1105 (1983) ............................... 12

*Milburn v. Blackfrica Promotions, Inc.,*
    392 F. Supp. 434 (S.D.N.Y. 1974) ................................................................................. 12
*Montalbano v. Easco Hand Tools, Inc.,*
    766 F.2d 737 (2d Cir. 1985)........................................................................................... 9
*Papendick v. Bosch,*
    410 A.2d 148 (Del. 1979) .............................................................................................. 7
*Pennsylvania Orthopedic Association v. Mercedes-Benz A.G.,*
    160 F.R.D. 58 (E.D. Pa. 1995)....................................................................................... 9
*Pinker v. Roche Holdings Ltd.,*
    292 F.3d 361  (3d Cir. 2002)......................................................................................... 6
*Red Sail Easter Limited Partners, L.P. v. Radio City Music Hall Prods., Inc.,*
    1991 WL 129174 (Del. Ch. July 10, 1991) ................................................................... 7
*Ryan v. Ohio Edison Co.,*
    611 F.2d 1170 (6th Cir. 1979) ..................................................................................... 12
*Shaffer v. Heitner,*
    433 U.S. 186 (1977).................................................................................................... 6
*Shaw v. Neece,*
    727 F.2d 947 (10th Cir.), *cert. denied*, 466 U.S. 976 (1984)..................................... 12
*Tabas v. Tabas,*
    47 F.3d 1280 (3d Cir. 1995), *cert. denied,* 515 U.S. 1118 (1995)............................. 14
*Thayer v. Dial Industrial Sales, Inc.,*
    85 F.Supp. 2d 263 (S.D.N.Y. 2000).............................................................................. 9
*Tinsley v. Fleetboston Financial Corp.,*
    E.D.Va., C.A. No. 00-2147 ......................................................................................... 17
*Tinsley v. Fleetboston Financial Corp.,*
    E.D.Va., Case No. 2:01cv215 ...................................................................................... 17
*Tinsley v. Omaha State Bank,*
    D.Neb., Case No. 8:05cv311 ....................................................................................... 17
*Tribble v. Reedy,*
    888 F.2d 1387 (4th Cir. 1989) ..................................................................................... 12
*Umbenhauer v. Woog,*
    969 F.2d 25 (3d Cir. 1992)........................................................................................... 10
*Wenzoski v. Citicorp.,*
    480 F.Supp. 1056 (N.D.Calif. 1979)............................................................................. 12

**Statutes**
11 <u>Del.C.</u> § 831 ........................................................................................................... 15
18 U.S.C. § 1341................................................................................................... 6, 12, 13, 16
18 U.S.C. § 1961(1) ...................................................................................................... 13
18 U.S.C. §§ 1962........................................................................................................ 13

## NATURE AND STAGE OF THE PROCEEDING

Plaintiff filed his *pro se* complaint on November 22, 2005 against "ING Group" and ING DIRECT. A copy of the complaint is attached as Exhibit A. No entity called "ING Group" exists. The entity with a name most closely resembling "ING Group" is ING Groep N.V., a corporation which operates in the Netherlands.

No summons was issued in this matter and service of process has not been effected upon either defendant. Plaintiff filed a motion for entry of default judgment against ING Group, which the Court denied on March 3, 2006. Plaintiff then filed a motion for writ of mandamus seeking to require the Clerk to enter a default judgment against ING Group. That motion is pending.

Though plaintiff has not served ING Groep, N.V., ING Groep, N.V. has become aware of the existence of these proceedings. Rather than permitting this case to languish on the Court's docket, ING Groep, N.V. voluntarily comes forward to expedite the resolution of this case and to seek adjudication of the motion to dismiss filed contemporaneously herewith on the grounds that: (1) the Court lacks jurisdiction over ING Groep, N.V.; (2) process is insufficient; (3) service of process is insufficient; and (4) the complaint fails to state a claim upon which relief can be granted. Defendant ING DIRECT has also filed a motion to dismiss which is pending.

## SUMMARY OF ARGUMENT

ING Groep, N.V. respectfully submits that the complaint should dismissed for several reasons. First, ING Groep, N.V. has no operations and conducts no business in this district. The complaint is devoid of any allegation that ING Groep, N.V. engaged in any conduct in Delaware -- or even in the United States -- which would subject it to this Court's jurisdiction. ING Groep, N.V., therefore, moves to dismiss pursuant to FRCP 12(b)(2).

Second, process is insufficient in that plaintiff named a non-existent entity. Plaintiff has invented an entity in an apparent attempt to create the illusion that ING Groep, N.V. is a domestic corporation amenable to suit in this district. In truth, ING Groep, N.V. does not operate as ING Group and has no American operations, much less minimum contacts with Delaware. ING Groep, N.V., therefore, moves to dismiss pursuant to FRCP 12(b)(4).

Third, service of process is insufficient since more than 120 days have passed since the complaint was filed and proper service of process on ING Groep, N.V. has not been effected. While FRCP 4(m) excludes service on foreign entities from the 120-day requirement, case law supports dismissal of this matter under FRCP 12(b)(5).

Further, Plaintiff has failed to state a claim upon which relief can be granted for the same reasons as those presented in the motion to dismiss filed in this action by ING DIRECT. Specifically, the complaint fails because: (1) the criminal mail fraud statute does not afford a private right of action; and (2) the complaint fails to allege the essential elements of a viable cause of action under the federal RICO statute.

Finally, plaintiff has been enjoined by the United States District Court for the Eastern District of Virginia from filing any action in any district court without leave of the court. Plaintiff did not seek or obtain such leave prior to filing the present suit. Accordingly, ING

Groep, N.V. respectfully submits that the complaint should be dismissed pursuant to FRCP

12(b)(6).

## STATEMENT OF FACTS[1]

Plaintiff seeks $2,000,000.00 in money damages as a result of ING Groep N.V.'s alleged negotiation of a $500.00 check and failure to confirm that an account was opened on plaintiff's behalf. Plaintiff claims that he first mailed a check for $500.00 to ING DIRECT with instructions that a one-year certificate of deposit be opened for him. Complaint at ¶ 5.a. Shortly thereafter, ING DIRECT returned plaintiff's check to him with instructions to provide additional information required for the opening of the certificate of deposit. *Id.* at ¶ 5.c.

Deeming ING DIRECT's request for additional information "unnecessary," plaintiff mailed his $500.00 check to the general corporate offices of "ING Group" in Amsterdam, The Netherlands -- without a designation of a specific office or individual -- with instructions to open for plaintiff a one-year certificate of deposit. *Id.* at ¶¶ 5.c-d. Plaintiff received no confirmation that "ING Group" had acted upon his request. *Id.* at ¶ 5.e. Plaintiff then directed a letter to Michel Tilmant, chairman and chief executive officer of "ING Group" in Amsterdam, The Netherlands with instructions to Mr. Tilmant to confirm that an account had been opened for plaintiff. *Id.* Plaintiff alleges that he eventually learned that the $500.00 check that he had sent overseas had been negotiated, though he has not received confirmation that a certificate of deposit has been opened for him. *Id.* at 5.f-g. Attached to the complaint is a copy of a document purported to be Plaintiff's cancelled check. That document evidences that the check may have been negotiated by "ING Bank, Amsterdam," but provides no indication that ING Groep, N.V. was in any way involved in that transaction.

---

[1] As this motion is presented pursuant to FRCP 12(b)(6), the facts set forth here are those allegations found in plaintiff's complaint. By setting forth those allegations here, ING Groep, N.V. does not admit the truth of any of the assertions set forth in the complaint.

4

Plaintiff alleges that the facts set forth above support the conclusion that defendants have committed robbery and mail fraud and that they are liable to him under the federal RICO statute. Though the complaint's *ad damnum* clause seeks judgment against Omaha State Bank, ING Groep, N.V. assumes that plaintiff seeks judgment only against ING Groep, N.V. and ING DIRECT.

Though Plaintiff suggests that ING DIRECT is a division of "ING Group," that allegation has no basis in fact. ING DIRECT is, in truth, the trade name of ING Bank, fsb, a federal savings bank headquartered in Wilmington, Delaware. ING Bank, fsb is a wholly-owned subsidiary of ING USA Holding Corporation, a Delaware corporation. That entity is in turn a wholly-owned subsidiary of ING Direct, N.V., a Netherlands corporation which is wholly-owned by ING Bank, N.V., a Netherlands entity. ING Bank, N.V. is a wholly-owned subsidiary of ING Groep, N.V. ING Groep, N.V. has no operations and conducts no business whatsoever in the District of Delaware apart from its remote interest in ING Bank, fsb.

## ARGUMENT

Plaintiff's complaint, like similar ones he has filed in other federal courts, should be dismissed on the grounds that: (1) this Court lacks jurisdiction over ING Groep, N.V.; (2) process is insufficient; (3) service of process is insufficient; and (4) plaintiff has failed to state a cause of action upon which relief may be granted, because: (i) Congress did not create a private right of action for alleged violations of the criminal mail fraud statute, 18 U.S.C. § 1341; (ii) the complaint fails to allege facts sufficient to support a civil RICO claim; and (iii) plaintiff has been enjoined from filing actions in any district court without leave of the court. Accordingly, ING Groep, N.V. respectfully requests that the Court enter an order dismissing plaintiff's complaint.

## I.      THIS COURT LACKS JURISDICTION OVER ING GROEP, N.V.

Plaintiff bears the burden of establishing a forum court's jurisdiction over the defendants he names in his complaint. *Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 368 (3d Cir. 2002). The United States and Delaware Supreme Courts have made clear that all assertions of personal jurisdiction over non-residents of Delaware are subject to the constitutional minimum contacts analysis of *International Shoe Co. v. Washington*, 326 U.S. 310 (1945).[2] *See Shaffer v. Heitner*, 433 U.S. 186, 212 (1977); *Istituto Bancario Italiano SpA v. Hunter Eng'g Co., Inc.*, 449 A.2d 210, 217-19 (Del. 1982). These courts further held that the ownership of stock in a Delaware corporation does not, by itself, confer minimum contacts with the State to subject a non-resident defendant to the personal jurisdiction of Delaware courts. *See Shaffer*, 433 U.S. at 213 (holding that non-resident appellants' holdings of stock in a Delaware corporation, by themselves, "do not … provide contacts with Delaware sufficient to support the jurisdiction of that State's courts

---

[2] Under the U.S. Supreme Court's holding in *International Shoe*, due process requires that "in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" 326 U.S. at 316 (citation omitted).

over appellants"); *Istituto Bancario*, 449 A.2d at 222 ("While the existence of property in the state is one contact to the jurisdiction … in and of itself, mere ownership in the forum of property related to the litigation is not necessarily sufficient under the *International Shoe* standard.").

Instead, the ownership of stock in a Delaware subsidiary will support personal jurisdiction over a non-resident parent corporation only where the cause of action arises from the parent's formation and ownership of the Delaware subsidiary. *See Papendick v. Bosch*, 410 A.2d 148, 152 (Del. 1979) (non-resident defendant subject to jurisdiction of Delaware court where it formed Delaware subsidiary to effectuate transaction giving rise to cause of action); *Arnold v. Society for Savings Bancorp, Inc.*, 1993 WL 526781, at *3-4 (Del. Ch. Dec. 17, 1993) (merger of subsidiary into Delaware corporation subjected non-resident defendant to Delaware jurisdiction because there was "a causal nexus between plaintiff's cause of action and [defendant's] ownership of [Delaware stock]"), *aff'd in part, rev'd in part on other grounds*, 650 A.2d 1270 (Del. 1994); *Red Sail Easter Limited Partners, L.P. v. Radio City Music Hall Prods., Inc.*, 1991 WL 129174, at *2 (Del. Ch. July 10, 1991) (dismissing claim against non-resident parent corporation where ownership of Delaware subsidiary did not relate to plaintiffs' cause of action).

As Plaintiff's complaint concedes, ING Groep, N.V. operates in the Netherlands. While ING Groep, N.V. is the parent of a number of subsidiaries which operate in countries around the world, ING Groep, N.V. has no operations and conducts no business of any kind in the United States. More specifically, ING Groep, N.V. has never engaged in any conduct in Delaware which would subject it to the jurisdiction of this Court.

Indeed, the complaint is devoid of any factual allegations that suggest otherwise. The only conduct on ING Groep, N.V.'s part mentioned in the complaint is plaintiff's assertion that

7

ING Groep, N.V. received his check in its Amsterdam offices and failed to respond to his inquiries. Plaintiff claims to have sent that check to ING Groep, N.V. from his home in Virginia. Therefore, the complaint contains no allegations of conduct which ties ING Groep, N.V. to Delaware. Accordingly, ING Groep, N.V. respectfully submits that the complaint should be dismissed for lack of jurisdiction under FRCP 12(b)(2).

## II.    PROCESS IN THIS MATTER IS INSUFFICIENT.

The complaint names "ING Group" as a defendant and asserts that "ING Group is a financial institution…located in Amsterdam, the Netherlands with a banking division, ING Direct, located in Wilmington, DE…, but no branches or offices in the Commonwealth of Virginia…." Exhibit A at ¶ 3. In fact, no organization known as "ING Group" exists. Rather, ING Groep, N.V. is a Netherlands corporation which has its principal place of business in Amsterdam. Moreover, ING DIRECT is not a division of ING Groep, N.V., but is rather a subsidiary four generations removed from ING Groep, N.V.

Plaintiff claims to have attempted service on "ING Group" in Amsterdam, though he has produced no evidence that his transmissions were ever received by anyone. Had Plaintiff properly identified the party he wished to sue, chances that his communications would have found a proper addressee would naturally have improved. Instead, process in this matter is defective resulting in an inordinate delay in ING Groep, N.V.'s learning about the pendency of this action. Accordingly, ING Groep, N.V. respectfully submits that the complaint should be dismissed pursuant to FRCP 12(b)(4).

## III.   PLAINTIFF HAS FAILED TO EFFECT SUFFICIENT SERVICE OF PROCESS ON ING GROEP, N.V.

As the Court recognized in its March 3, 2006 opinion, Plaintiff has not demonstrated that he has effected proper service of process on either defendant. Pursuant to FRCP 4(m), plaintiffs

8

ordinarily are afforded only 120 days to effect service of process. As the complaint in this matter was filed on November 22, 2005, that period has now lapsed. FRCP 4(m) states, however, that its time limit does not apply to service in a foreign country. At first glance, therefore, it would appear that the federal rules allow plaintiffs an indefinite period of time to effect foreign service. Not all courts, however, slavishly adhere to that open-ended approach.

The purpose for the suspension of the 120-day rule for foreign service of process is to compensate for the often highly complex nature of serving foreign entities. *Pennsylvania Orthopedic Association v. Mercedes-Benz A.G.*, 160 F.R.D. 58 (E.D. Pa. 1995). Though ING Groep, N.V. concedes that some courts have found no room for interpretation of FRCP 4(m)'s relaxed standard for service, *id.,* other courts have exercised their discretion and dismissed claims where plaintiff demonstrates no attempt to serve a foreign defendant. *See, e.g., Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985) and *Thayer v. Dial Industrial Sales, Inc.*, 85 F.Supp. 2d 263 (S.D.N.Y. 2000).

Plaintiff here claims to have forwarded his complaint to "ING Group" in Amsterdam by certified mail in November 2005 and to have requested a return receipt. He has not, however, produced a receipt or any other evidence that service was complete. He has also failed to follow the instructions contained in the court's March 3, 2006 Memorandum Order in an attempt to effect service of process. These facts amply demonstrate that Plaintiff has not made a good faith effort to effect service of process. Moreover, given the simple means by which service may be accomplished in the Netherlands, the policy behind the relaxation of FRCP 4(m)'s 120-day limit is not implicated here. Accordingly, ING Groep, N.V. respectfully submits that Plaintiff should be bound by the provisions of FRCP 4(m).

9

Assuming that a 120-day limit on service of process is applied to the present case, the court may in its discretion either dismiss the complaint or quash service and afford plaintiff an additional opportunity to attempt service. *Dimensional Communications, Inc. v. Oz Optics Limited,* 218 F.Supp. 2d 653, 655 (D.N.J. 2002). Generally, courts are encouraged to quash service rather than dismiss a case where there appears to be a reasonable prospect for effective service. *Umbenhauer v. Woog*, 969 F.2d 25 (3d Cir. 1992) and *Henkel Corporation v. Degremont, S.A.*, 136 F.R.D. 88 (E.D.Pa. 1991).

In the present matter, however, Plaintiff has failed to take measures to establish sufficient service of process. In its March 3, 2006 Memorandum Order, the Court explicitly instructed Plaintiff in the manner in which he might make the necessary showing. More than one month later, Plaintiff has still taken no action. Therefore, the prospects for Plaintiff effecting service are remote. Moreover, given the fact that there exist numerous independent bases upon which to dismiss the complaint, ING Groep, N.V. respectfully submits that affording Plaintiff additional time in which to effect service of process would be a futile exercise. ING Groep, N.V., therefore, respectfully requests that the court dismiss this matter pursuant to FRCP 12(b)(5).

## IV.    PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST ING GROEP, N.V. UPON WHICH RELIEF CAN BE GRANTED.

Plaintiff's claims against ING Groep, N.V. suffer from the same substantive infirmities as his claims against ING DIRECT. ING DIRECT argued those issues in its opening brief in support of its motion to dismiss filed on March 16, 2006.[3] Presented here is the application of those arguments to ING Groep, N.V.'s factual situation.

---

[3] Plaintiff failed to file a timely response to that motion.

**A.      The standard under which a Rule 12(b)(6) motion to dismiss is considered.**

Under FRCP 12(b)(6), a district court is permitted to dismiss claims that fail to state a

legal basis upon which relief can be granted. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir.

1993). The purpose of a motion to dismiss under FRCP 12(b)(6) is not to decide the merits of

the underlying complaint, but rather "to test the sufficiency of the complaint." *Delaware Health

Care, Inc. v. MCD Holding Co.*, 893 F.Supp. 1279, 1284 (D. Del. 1995). Where a court

concludes that the factual allegations in a plaintiff's complaint, even if true, do not state grounds

for relief, then dismissal is warranted. *Bell v. Hood*, 327 U.S. 678 (1946).

On a FRCP 12(b)(6) motion, the court is required to accept well-pleaded facts as true; it is

not required, however, to accept as true any sweeping legal conclusions, deductions or opinions

alleged in or inferred from the allegations of the pleading that is the subject of the motion. *Hurst v.

City of Rehoboth Beach*, 2006 WL 416864, *1 (D. Del. 2006); *Briscoe v. LaHue*, 663 F.2d 713 (7th

Cir. 1981), *aff'd*, 460 U.S. 325 (1983); *CIRO, Inc. v. Gold*, 816 F.Supp. 253, 257 (D. Del. 1993)

("legal conclusions, deductions or opinions couched as factual allegations are not given a

presumption of truthfulness."). Moreover, "[a] federal claim being reviewed under Rule 12(b)(6)

does not have to be wholly insubstantial to be dismissed." *Blair v. Wal-Mart Stores, Inc.*, 2004 WL

2283560, *3 (D. Del. 2004).

If the well-pleaded facts asserted in the complaint and reasonable inferences drawn

therefrom are legally deficient to state a claim, a motion to dismiss should be granted. *Carefirst

of Maryland, Inc. v. Care First Transportation, Inc.*, 2002 WL 31500927, *3 (D. Del. 2002).

Dismissal is also appropriate where facts sufficient to support an affirmative defense appear on

the face of the pleading. *Kahn v. Kohlberg, Kravis, Roberts & Co.*, 970 F.2d 1030, 1042 (2d Cir.

1992); *La Porte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1255 (5th Cir. 1986) (*citing*

*Kaiser Aluminum v. Avondale Shipyards Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982), *cert. denied*, 459 U.S. 1105 (1983)).

### A. Plaintiff's claim against ING Groep, N.V. under 18 U.S.C. § 1341 is subject to dismissal, because Congress created no private right of action under that criminal statute.

"Unless there is a clear Congressional intent to provide a civil remedy, a plaintiff cannot recover civil damages for an alleged violation of a criminal statute." *Tribble v. Reedy,* 888 F.2d 1387, 1989 WL 126783 (4th Cir. 1989); *Shaw v. Neece*, 727 F.2d 947 (10th Cir.), *cert. denied*, 466 U.S. 976 (1984). That rule has consistently been applied to civil actions brought pursuant to 18 U.S.C. § 1341. *Ryan v. Ohio Edison Co.*, 611 F.2d 1170 (6th Cir. 1979); *Creech v. Federal Land Bank of Wichita*, 647 F.Supp. 1097 (D.Colo. 1986); *Bajorat v. Columbia-Breckenridge Development Corp.*, 944 F.Supp. 1371 (N.D.Ill. 1996); *Wenzoski v. Citicorp.*, 480 F.Supp. 1056 (N.D.Calif. 1979); and *Milburn v. Blackfrica Promotions, Inc.,* 392 F. Supp. 434, 435 (S.D.N.Y. 1974).

In the present matter, plaintiff seeks to recover money damages for an alleged violation of the criminal mail fraud statute. Under no set of facts may plaintiff be entitled to a civil recovery under that statute. Moreover, and as discussed in Section III, B, *infra,* even if such a right of action were available to plaintiff, the complaint is devoid of factual allegations sufficient to establish a violation of § 1341. Rather, the complaint alleges only that: (1) the chief executive officer of ING Group in the Netherlands failed to respond to letters plaintiff directed to him and his large organization; and (2) plaintiff's cashier's check was negotiated in Amsterdam by an entity known as "ING Bank Amsterdam." The complaint contains no allegation that ING Groep, N.V. utilized the mails in any manner whatsoever. At no time is ING Groep, N.V.

alleged to have requested or solicited funds from Plaintiff and, in fact, is not even the entity

which is alleged to have negotiated his check.

Accordingly, plaintiff cannot sustain a cause of action under 18 U.S.C. § 1341. ING

Groep, N.V. therefore respectfully requests that the Court enter an order dismissing that portion

of plaintiff's complaint.

**B.    Plaintiff's claim against ING Groep, N.V. under 18 U.S.C. § 1961 is subject to dismissal, because the complaint fails to allege facts sufficient to establish a *prima facie* case.**

Plaintiff's complaint asserts a civil claim under the federal RICO statute in a rather

awkward fashion. The complaint is not brought pursuant to the provisions enabling a private

right of action, 18 U.S.C. §§ 1962 and 1964(c), but rather relies solely upon the definitions set

forth at 18 U.S.C. § 1961(1) (A) and (B). In any event, it appears at bottom that plaintiff

premises his RICO claim upon theories that the defendants have committed robbery and mail

fraud. The complaint, however, fails to establish a pattern of racketeering activity. In addition,

the complaint contains inadequate factual support for plaintiff's theory that defendants have

committed either robbery or mail fraud.

**1.    The complaint fails to allege an actionable pattern of racketeering activity.**

Stated most simply, in order to establish RICO liability, a plaintiff must demonstrate a

pattern of racketeering activity consisting of related predicate acts which amount to or pose a

threat of continued criminal activity. *H.J, Inc. v. Northwestern Bell Telephone Co.,* 492 U.S. 229

(1989). In order to be "related," the predicate acts must "have the same or similar purposes,

results, participants, victims or methods of commission or otherwise [be] interrelated by

distinguishing characteristics and are not isolated events." *Id.* at 240.

"Continuity" is described as "both a closed- and open-ended concept, referring either to a

closed period of repeated conduct or to past conduct that by its nature projects into the future

with a threat of repetition....It is, in either case, centrally a temporal concept." *Id.* at 241-242.

Under substantial Third Circuit jurisprudence, closed-ended continuity may only be satisfied by

a demonstration that the predicate acts, *i.e.* the racketeering activity, lasted more than twelve

months. *See Tabas v. Tabas,* 47 F.3d 1280, 1294 (3d Cir. 1995), *cert. denied,* 515 U.S. 1118

(1995) and cases collected there. In order to establish open-ended continuity, a plaintiff must

demonstrate some likelihood of future misconduct. "A short-term scheme threatening no future

criminal activity will not suffice....[T]he length of time over which the criminal activity occurs

or threatens to occur is an important factor." *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d

1406, 1412 (3d Cir. 1991). *See also, Hindes v. Castle,* 937 F.2d 868 (3d Cir. 1991).

    Plaintiff here alleges simply that he, for reasons that are unclear, mailed a $500.00 check

to the general corporate offices of "ING Group" in Amsterdam in hopes of opening an account

with ING DIRECT in Delaware. Ignoring for the moment that Plaintiff's own exhibit establishes

that neither defendant negotiated his check, the only act that plaintiff alleges defendants to have

performed is the negotiation of his check without informing him that an account had been

opened for him. Absent from plaintiff's complaint are: (1) allegations of a second and related

predicate act; (2) any suggestion that defendants committed any act directed to plaintiff; (3)

identification of any other "victims" of the alleged racketeering activity; (4) any indicia of either

closed- or open-ended continuity in any racketeering activity; (5) any allegation that the

predicate acts lasted for more than twelve months; and (6) any suggestion that defendants'

conduct poses the threat of future criminal activity. Instead, plaintiff merely alleges a single

instance of the negotiation of a single check.

    As the Third Circuit concluded in *Kehr Packages,* "[A]lthough a single fraudulent

scheme can give rise to RICO liability, when that scheme is short-lived and directed at a limited

14

number of people, this court has required some further indication that the defendant's fraudulent activities are likely to continue." *Kehr Packages,* 926 F.2d at 1413. The complaint in this matter fails to establish or even suggest that a pattern of fraudulent activity has ever occurred or is likely to occur in the future. Therefore, the essential elements of a civil RICO claim are absent from plaintiff's assertions and ING Groep, N.V. respectfully submits that this matter should be dismissed.

### A.    The complaint fails to allege the essential elements of the alleged predicate acts.

Among the predicate acts upon which a RICO claim may be brought are robbery and mail fraud. Plaintiff here has selected those two crimes upon which to build his RICO claim. To prevail, he must therefore plead facts sufficient to establish the *prima facie* elements of robbery and mail fraud. ING Groep, N.V. respectfully submits that plaintiff has failed to do so.

### (1)    Robbery.

In order to establish that ING Groep, N.V. committed robbery in the second degree under Delaware law, plaintiff must establish that, when in the course of committing theft, ING Groep, N.V. used or threatened the immediate use of force upon another person with intent to facilitate the taking of property. 11 Del.C. § 831.[4] The complaint is devoid of any allegations that ING Groep, N.V. committed or attempted to commit theft or used or threatened to use force against

---

[4] 11 Del.C. § 831 states in its entirety:
    (a) A person is guilty of robbery in the second degree when, in the course of committing theft, the person uses or threatens the immediate use of force upon another person with intent to:
    (1) Prevent or overcome resistance to the taking of the property or to the retention thereof immediately after the taking; or
    (2) Compel the owner of the property or another person to deliver up the property or to engage in other conduct which aids in the commission of the theft.
    Robbery in the second degree is a class E felony.
    (b) In addition to its ordinary meaning, the phrase "in the course of committing theft" includes any act which occurs in an attempt to commit theft or in immediate flight after the attempt or commission of the theft.

plaintiff. Indeed, the complaint implicitly concedes that ING Groep, N.V. at no time demanded

or received Plaintiff's property or even solicited Plaintiff's business. No element of robbery is

discernible in the facts set forth in the complaint. Therefore, the complaint fails to establish the

elements of the predicate act of robbery and plaintiff's RICO claim against ING Groep, N.V.

should be dismissed.

### (2)    Mail fraud.

In order to establish that ING Groep, N.V. violated 18 U.S.C. § 1341, plaintiff must in

essence establish that ING Groep, N.V. devised a scheme to defraud or improperly obtain money

by means of false or fraudulent pretenses and affirmatively utilized the mails in furtherance of

that scheme.[5] "The actual violation is the mailing, although the mailing must relate to the

underlying fraudulent scheme." *Kehr Packages,* 926 F.2d at 1413. Plaintiff's complaint is devoid

of any allegation that ING Groep, N.V. used the mail in any manner whatsoever. Rather, the

complaint mentions only that the plaintiff himself directed mail to "ING Group" in Amsterdam,

The Netherlands and that he received no response. No allegation concerning either defendant's

improper use of the mail is made in the complaint. Furthermore, the complaint fails to support

any claim that the defendants had devised a scheme or took any measures to defraud plaintiff or

---

[5] 18 U.S.C. §1341 states in its entirety:
    Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

anyone else. Therefore, the complaint fails to establish the elements of the predicate act of mail fraud and plaintiff's RICO claim should therefore be dismissed.

## V. PLAINTIFF HAS FAILED TO OBTAIN LEAVE TO BRING THIS ACTION AND IT IS ACCORDINGLY SUBJECT TO DISMISSAL.

Plaintiff has filed complaints similar to the one in this matter several times in several jurisdictions.[6] In *Tinsley v. Fleetboston Financial Corp* the United States District Court for the Eastern District of Virginia found that plaintiff's claims are consistently "outlandish and unmeritorious" and that his manner is "harsh and abusive" to the Court, the litigants and their attorneys. In an effort to "protect the courts, this Defendant, and any past and potential defendants from the harassment of frivolous and vexatious litigation initiated by Plaintiff," the Court imposed an injunction upon plaintiff. A copy of the Court's opinion and order is attached as Exhibit B. That injunction states, "Plaintiff, or anyone acting on his behalf, is enjoined from filing any new action or proceeding in any federal court without first obtaining the leave of that court." *See* Exhibit B at 16.

ING Groep, N.V. is unaware of any order entered by this Court granting leave to plaintiff to file this action. The complaint in this case does not allege that plaintiff sought such leave. Therefore, ING Groep, N.V. respectfully submits that plaintiff has violated the plain terms of the injunction issued by the Eastern District of Virginia by filing this action. ING Groep, N.V. therefore respectfully submits that the complaint should be dismissed.

---

[6] ING DIRECT is aware of the following actions in which plaintiff has brought claims virtually identical to those at issue here: *Tinsley v. Omaha State Bank*, D.Neb., Case No. 8:05cv311; *Bell, Tinsley & Tinsley v. Bank of America*, E.D.Va., C.A. No. 2:00CV880; *Tinsley v. Fleetboston Financial Corp.*, E.D.Va., Case No. 2:01cv215 and *Tinsley v. Fleetboston Financial Corp.*, E.D.Va., C.A. No. 00-2147. Each of those matters has been dismissed. In addition, ING DIRECT is aware that plaintiff has brought at least ten other actions in the federal court system in recent years. None of those claims has proceeded to a full adjudication on the merits.

## CONCLUSION

ING Groep, N.V. respectfully submits that this court lacks jurisdiction over it and this matter should accordingly be dismissed. Additional grounds for dismissal are that both process and service of process are insufficient. Moreover, the complaint in this matter ultimately fails to state a claim upon which relief may be granted because: (1) the criminal mail fraud statute does not afford a private right of action; and (2) plaintiff has failed to allege facts sufficient to establish a viable cause of action under the RICO statute in that it does not demonstrate a pattern of racketeering activity and because it does not allege the essential elements of predicate criminal acts. In addition, by the filing of the complaint in this matter without first seeking leave of the court, plaintiff has violated the injunction issued by the United States District for the Eastern District of Virginia. Accordingly, ING Groep, N.V. respectfully requests that the Court enter an order dismissing this action with prejudice.

Respectfully submitted,

**BUCHANAN INGERSOLL PC**

David E. Wilks (No. 2793)
The Nemours Building
1007 N. Orange Street, Suite 1110
Wilmington, Delaware 19801
(302) 428-5500
(302) 428-3996 (facsimile)

18

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 14, 2006, a copy of *Defendant ING Groep, N.V.'s Motion to Dismiss and Opening Brief in Support of its Motion to Dismiss* were served by U.S. First Class Mail on the following:

Philip Tinsley III
148 Preston Circle
Fredericksburg, VA 22406

David E. Wilks (No. 2793)